IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS KLAUS,** individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION NO. 1:12-CV-2488 ( Chief Judge Conner) |
| **Plaintiff** | : : | |
| v. | : : | |
| **JONESTOWN BANK AND TRUST COMPANY, OF JONESTOWN, PENNSYLVANIA** | : : : : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is plaintiff Thomas Klaus's ("Klaus") motion to strike certain affirmative defenses, or in the alternative, for a more definite statement. (Doc. 27). For the reasons that follow, the court will grant the motion to strike in part and deny it in part.

## I.    Factual Background and Procedural History

On February 12, 2013, Klaus filed an amended class action complaint against defendant, Jonestown Bank and Trust Company ("Jonestown"), alleging a violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and its implementing regulations. (Doc. 9). Klaus, who is blind, claims that he was unable to use an automatic teller machine ("ATM") at a Jonestown Bank branch because it lacked accessibility features for the blind. (Id. ¶ 9).

On August 27, 2013, Jonestown filed an answer that included fifteen affirmative defenses. (Doc. 26). In response, Klaus filed a motion to strike all but two of Jonestown's affirmative defenses. (Doc. 27). The matter is fully briefed and ripe for disposition.

## II. Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). An affirmative defense fails to satisfy pleading standards when it does not afford the plaintiff fair notice of the nature of the defense.[1] Dann v. Lincoln Nat'l Corp., 274 F.R.D. 139, 145 (E.D. Pa. 2011). The court may strike defenses that are nothing but bare bones, conclusory allegations that do not include a short and plain statement of the facts. Id. Should the court decide to strike any of Jonestown's affirmative defenses, it may grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2).

---

[1] The court agrees with cases from every other district court within the Third Circuit and will not apply the Twombly standard to affirmative defenses. See, e.g., Senju Pharm. Co., Ltd. v. Apotex, Inc., 921 F. Supp. 2d 297, 303 (D. Del. 2013); Tyco Fire Prods., LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011); Fed. Trade Comm'n v. New Hope Mod., LLC, Civ. A. No. 09-1204, 2011 WL 883202, at *3 (D.N.J. Mar. 10, 2011); Romantine v. CH2M Hill Eng'rs, Inc., Civ. A. No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009); Charleswell v. Chase Manhattan Bank, N.A., Civ. A. No. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009).

**III.   Discussion**

The court will apply the notice pleading standard to each of Jonestown's contested affirmative defenses in turn.

**A.   Defense No. 1: Failure to State a Claim**

Jonestown's first affirmative defense states that "Plaintiff has failed to state a claim for which relief can be granted." (Doc. 26 at 12). The usual vehicle for arguing a plaintiff's failure to state a claim upon which relief can be granted is a 12(b)(6) motion, but a defendant may assert the same as an affirmative defense under Rule 12(h)(2). See Cintron Beverage Group, LLC v. Depersia, Civ. A. No. 07-3043, 2008 WL 1776430, at *2 (E.D. Pa. Apr. 15, 2008). Thus, the court will deny the motion to strike Jonestown's first affirmative defense.

**B.   Defense No. 2: Statute of Limitations**

Jonestown's second affirmative defense merely states that "Plaintiff's claims are barred by the applicable statute of limitations." (See Doc 26. at 12). Jonestown's ambiguous reference to an unspecified statute of limitations fails to give Klaus sufficient notice of the nature of the defense. See Dann v. Lincoln Nat'l Corp., 274 F.R.D. 139, 146-47 (E.D. Pa. 2011) (striking an affirmative defense for neglecting to identify which statute of limitations is at issue); Disability Rights N.J., Inc. v. Velez, Civ. A. No. 10-3950, 2011 WL 4436550, at *7 (D.N.J. Sept. 23, 2011) ("The vague contention that a limitations defense exists is insufficient to fairly put [the plaintiff] on notice as to the defense."). The defense even fails to satisfy the

simple template set forth in Form 30 of the Federal Rules of Civil Procedure. Hence, the court will grant Klaus's motion to strike Jonestown's second affirmative defense with leave to amend.

### C. Defense Nos. 3 and 14: Lack of Standing

Jonestown's third and fourteenth affirmative defense both address Klaus's alleged lack of standing.[2] (Doc. 26 at 12, 14). Jonestown's third affirmative defense clearly provides Klaus with notice of a specific standing argument.[3] However, Jonestown's fourteenth affirmative defense falls short of the sufficient notice required.[4] It is a conclusory allegation that is also potentially redundant of Jonestown's third affirmative defense. Thus, the court will deny Klaus's motion to strike Jonestown's third affirmative defense, but the court will strike Jonestown's fourteenth affirmative defense with leave to amend.

---

[2] The court previously adopted (Doc. 24) a Report and Recommendation (Doc. 21) denying Jonestown's motion (Doc. 11) to dismiss Klaus's amended complaint (Doc. 9) for lack of standing. Specifically, Jonestown argued that Klaus could not establish an injury-in-fact. (See Doc. 12). The Report and Recommendation noted that Jonestown is free to raise the issue of Klaus's standing in a properly supported summary judgment motion. (Doc. 21 at 19).

[3] The third affirmative defense provides that "to the extent that Plaintiff is Braille literate, he lacks standing to assert some or all of the claims in the Amended Complaint." (Doc. 26 at 12).

[4] The fourteenth affirmative defense merely states that "Plaintiff lacks standing to bring the claims asserted in the amended complaint." (Doc. 26 at 14).

### D.     Defense No. 6: Doctrine of Laches

Jonestown's sixth affirmative defense amounts to a conclusory statement that Klaus's claims are barred by the doctrine of laches. (Doc. 26 at 12). Jonestown fails to state that Klaus inexcusably delayed filing suit or that such a delay caused Jonestown prejudice. See Dann v. Lincoln Nat'l Corp., 274 F.R.D. 139, 146-47 (E.D. Pa. 2011) (striking affirmative defense of laches because defendant failed to plead delay and prejudice); Huertas v. U.S. Dept. of Educ., Civ. A. No. 08-3959, 2009 WL 2132429, at *3 (D.N.J. Jul. 13, 2009) (same).  Therefore, the court will strike Jonestown's sixth affirmative defense with leave to amend.

### E.     Defense No. 13: Moot Claim

Jonestown's thirteenth affirmative defense provides that "[p]laintiff's claim, in whole or in part, is moot and therefore this Court lacks subject matter jurisdiction." (Doc. 26 at 14).  This is a conclusory allegation that does not provide any notice to Klaus concerning how or why the claim is moot.  The court will strike Jonestown's thirteenth affirmative defense but with leave to amend.

### F.     Defense Nos. 4, 5, 7, 10, 11, 12, and 15: Questions of Fact

The remainder of Jonestown's contested affirmative defenses raise issues of fact.  Motions to strike should not be granted when the sufficiency of the defense depends upon disputed or undeveloped issues of fact. United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989); see Nupro Indus. Corp. v. Lexington Ins. Co., Civ. A. No. 08-4809, 2010 WL 2553698, at *2 (E.D. Pa. Jun. 21, 2010) (refusing to

strike affirmative defense that plaintiff failed to comply with the conditions of insurance policy because it raised disputed issues of fact).  Therefore, the court will deny the motion to strike with respect to affirmative defenses Nos. 4, 5, 7, 10, 11, 12, and 15.

## IV.  Conclusion

For the foregoing reasons, the court will grant in part and deny in part Klaus's motion to strike.  The court will deny Klaus's motion to strike with respect to affirmative defenses Nos. 1, 3, 4, 5, 7, 10, 11, 12 and 15.  The court will grant the motion with respect to affirmative defenses Nos. 2, 6, 13 and 14 without prejudice to Jonestown's leave to amend.  An appropriate order follows.

                                       /S/ CHRISTOPHER C. CONNER
                                       Christopher C. Conner, Chief Judge
                                       United States District Court
                                       Middle District of Pennsylvania

Dated:       March 14, 2014